# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2020

Lyle W. Cayce
Clerk

No. 19-60097

Jose Antonio Garcia,

*Petitioner*,

*versus*

William P. Barr, U. S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 384 335

Before Stewart, Clement, and Costa, *Circuit Judges*.
Edith Brown Clement, *Circuit Judge*:

Jose Garcia petitions for review of a final order of removal. The Board of Immigration Appeals determined that Garcia's conviction for sexual assault of a child was a "crime of child abuse," making him removable under section 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(E)(i). We agree and thus deny Garcia's petition.

I.

Garcia is a native and citizen of Mexico. He became a lawful permanent resident of the United States in 1990. In 1999, when he was thirty-

five years old, Garcia raped and impregnated his fourteen-year-old stepdaughter. He kept this a secret at first but eventually confessed to his wife after the baby was born. Garcia was arrested for the rape seventeen years later and charged with sexual assault of a child in violation of Texas Penal Code section 22.011(a)(2). He was convicted in 2018 and sentenced to ten years' probation.

The Department of Homeland Security then initiated removal proceedings against Garcia, charging him as removable for having been convicted of a "crime of child abuse, child neglect, or child abandonment" under § 1227(a)(2)(E)(i). The immigration judge determined that Garcia was removable because his conviction fell within the scope of a "crime of child abuse," as that term has been interpreted by the Board, and denied Garcia's application for cancellation of removal.

Agreeing with the immigration judge, the Board held that Garcia's conviction qualified as a crime of child abuse, rendering him removable under § 1227(a)(2)(E)(i). The Board also agreed that the circumstances didn't warrant discretionary cancellation of removal. As a result, the Board dismissed Garcia's appeal. This petition for review followed.

II.

We review de novo the Board's legal conclusions, including whether a particular state conviction renders an alien removable. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). In doing so, however, we defer to the Board's reasonable interpretations of ambiguous provisions in immigration statutes and regulations. *Id.* When the Board issues its own opinion without adopting the immigration judge's reasoning, as it did here, we confine our review to the Board's decision. *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010). With limited exceptions, we may uphold that decision only on the basis of the Board's stated rationale. *Id.*

No. 19-60097

## III.

Garcia challenges the Board's decision on two grounds. First, he argues that the Board's interpretation of a "crime of child abuse" is not entitled to deference. Second, he argues that his conviction for sexual assault of a child under Texas Penal Code section 22.011(a)(2) is not a categorical match to a "crime of child abuse," as defined by the Board. These are issues of first impression in this circuit.

## A.

We first decide whether to defer to the Board's interpretation of a "crime of child abuse." The Board's precedential interpretations of immigration statutes may be entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See Ali v. Lynch*, 814 F.3d 306, 309 (5th Cir. 2016). Deciding whether deference is due involves a familiar two-step test. First, applying ordinary tools of statutory construction, we must determine "whether Congress has directly spoken to the precise question at issue." *Chevron*, 467 U.S. at 842–43, 843 n.9. If so, the statute's plain meaning controls, regardless of what the Board says. But if the statute is "silent or ambiguous," then we proceed to step two. *Id.* at 843. There, we must determine whether the Board's interpretation is "based on a permissible construction of the statute." *Id.* The Board's interpretation need not be the only possible interpretation—or even the best interpretation; it need only be a reasonable one. *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009); *accord Chevron*, 467 U.S. at 843 n.11. If the Board's interpretation reasonably resolves a genuine statutory ambiguity, then it deserves *Chevron* deference.

We have not yet addressed whether to give *Chevron* deference to the Board's interpretation of a "crime of child abuse," and our sister circuits are split on this issue. *Compare Alvarez-Cerriteno v. Sessions*, 899 F.3d 774, 781

(9th Cir. 2018) (deferring to the Board's interpretation), *and Mondragon-Gonzalez v. Att'y Gen.*, 884 F.3d 155, 159 (3d Cir. 2018) (same), *and Pierre v. U.S. Att'y Gen.*, 879 F.3d 1241, 1251 (11th Cir. 2018) (same), *and Florez v. Holder*, 779 F.3d 207, 213–14 (2d Cir. 2015) (same), *with Ibarra v. Holder*, 736 F.3d 903, 918 (10th Cir. 2013) (rejecting the Board's interpretation).

Congress added § 1227(a)(2)(E)(i) to the INA in 1996. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 350, 110 Stat. 3009-546, 3009-639 to -640. Under § 1227(a)(2)(E)(i), "[a]ny alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable." 8 U.S.C. § 1227(a)(2)(E)(i). Congress chose to define a "crime of domestic violence" in detail, referencing a specific federal statute and incorporating other family-violence laws. *See id.* But Congress left the term "crime of child abuse" undefined, and the legislative history doesn't plainly express its meaning. *See, e.g.*, *Ibarra*, 736 F.3d at 912. Nor is there any widely accepted definition of that term. *See id.*; *Florez*, 779 F.3d at 211. Thus, the statute doesn't speak unambiguously to the question at issue. *Cf. Rodriguez-Castro v. Gonzales*, 427 F.3d 316, 319–20 (5th Cir. 2005) (concluding that undefined term "crime involving moral turpitude" in INA was ambiguous).

Every circuit court to consider this issue has found the statute silent or ambiguous on the meaning of a crime of child abuse. *See, e.g.*, *Pierre*, 879 F.3d at 1249 (concluding that "the statute is silent"); *Florez*, 779 F.3d at 211 (having "little trouble concluding that the statutory provision is ambiguous"); *Ibarra*, 736 F.3d at 910 (acknowledging that "the statutory text . . . does contain *some* ambiguity"). We too conclude that Congress left the interpretation of this provision to the Board and turn to the second step of the inquiry.

No. 19-60097

The Board has fleshed out the meaning of a crime of child abuse in two precedential decisions: *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503 (B.I.A. 2008), and *Matter of Soram*, 25 I. & N. Dec. 378 (B.I.A. 2010). In *Velazquez-Herrera*, the Board began by considering the history of § 1227(a)(2)(E)(i) and found it significant that this provision was the product of "an aggressive legislative movement to expand the criminal grounds of deportability" with the aim of "facilitating the removal of child abusers" and those convicted of "maltreating or preying upon children." 24 I. & N. Dec. at 508–09. The Board then surveyed state and federal laws defining "child abuse" that were in effect when the provision was enacted. *Id.* at 509–13. Those authorities led to the conclusion that the term "crime of child abuse" should be interpreted "broadly to mean any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation." *Id.* at 512. This definition embraces many crimes, including those that entail infliction of "mental or emotional harm," "sexual abuse, including direct acts of sexual contact," or "the use or exploitation of a child as an object of sexual gratification." *Id.* For purposes of this definition, a "child" is anyone under the age of eighteen. *Id.*

The Board later clarified in *Soram* that its definition of a crime of child abuse "is not limited to offenses requiring proof of injury to the child." 25 I. & N. Dec. at 381. The phrase "crime of child abuse, child neglect, or child abandonment" expresses a "unitary concept." *Id.* The Board's definition "describes the entire phrase" and "is sufficiently broad to encompass endangerment-type crimes" as well. *Id.* at 381, 383.

Garcia contends that the Board's interpretation is too broad. In *Ibarra v. Holder*, the only case that hasn't deferred to the Board's interpretation, the Tenth Circuit criticized the Board for failing to confine its analysis to criminal statutes. 736 F.3d at 910–12. The court reasoned that the Board's reliance on

civil statutes led to the inclusion of "non-injurious conduct done with a mens rea of only criminal negligence," which many states didn't criminalize at the time. *Id.* at 915. *But see Florez*, 779 F.3d at 212–13 (finding reasoning in *Ibarra* to be flawed). The Tenth Circuit's reading of a "crime of child abuse" may be reasonable; it might even be more reasonable than the Board's. But the question isn't whether the Board's interpretation is the best—only whether it is reasonable. *Entergy Corp.*, 556 U.S. at 218. The Board's interpretation, which is consistent with the purpose behind this ground for removal, is reasonable. *Mondragon-Gonzalez*, 884 F.3d at 159; *Florez*, 779 F.3d at 211.[1]

Garcia also argues that the Board should reconsider its definition of a crime of child abuse in light of *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017). The issue in that case was whether an alien's conviction under a statutory-rape law that defined a "minor" as anyone younger than eighteen qualified as "sexual abuse of a minor," which is an "aggravated felony" that would render the alien removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *Id.* at 1567. The Court held that it did not. Based on the designation of "sexual abuse of a minor" as an aggravated felony like murder and rape, a related federal statute that was limited to victims younger than sixteen, and the fact that most states set the age of consent at sixteen for statutory-rape offenses, the Court held that the generic federal definition of "sexual abuse of a minor" in the context of statutory rape requires that the victim be younger than sixteen. *Id.* at 1568–72.

---

[1] Because the state conviction at issue here requires a minimum mens rea of knowing or intentional, Tex. Penal Code Ann. § 22.011(a)(2) (West 2018), the Board's inclusion of criminally negligent, non-injurious conduct—which is what the Tenth Circuit deemed unreasonable—doesn't affect our analysis. *See Mondragon-Gonzalez*, 884 F.3d at 159 n.3.

*Esquivel-Quintana* has no application here. The Court's narrow holding didn't relate to the child-abuse provision in § 1227(a)(2)(E)(i), mandate a particular approach to statutory interpretation, or cast doubt on the Board's definition of a crime of child abuse. *See Matthews v. Barr*, 927 F.3d 606, 614–16 (2d Cir. 2019). And because the statutory text there was unambiguous—unlike the child-abuse provision here—that case doesn't affect our *Chevron* analysis. *See Esquivel-Quintana*, 137 S. Ct. at 1572.

The Board's interpretation of a "crime of child abuse, child neglect, or child abandonment" is a reasonable reading of a statutory ambiguity. Whether we would have read the statute the same way is beside the point. We therefore join the Second, Third, Ninth, and Eleventh Circuits in holding that the Board's interpretation is entitled to *Chevron* deference.

## B.

We next consider whether Garcia's conviction under Texas Penal Code section 22.011(a)(2) falls within the Board's definition of a crime of child abuse. Although we give deference to the Board's definition of a crime of child abuse, we review de novo whether a particular state crime fits that definition. *Sarmientos v. Holder*, 742 F.3d 624, 627 (5th Cir. 2014).

To determine whether a state conviction renders an alien removable, we generally apply the "categorical approach." *Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015). Under that approach, we look not to the facts of the underlying case but instead to whether the statutory definition of the state crime "categorically fits within the 'generic' federal definition" of the removable offense. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). Because this inquiry focuses on what the state conviction "necessarily involved," rather than on the alien's actual conduct, we presume that the conviction rested on nothing more than "the minimum conduct criminalized by the state statute." *Id.* at 190–91.

When the state statute of conviction contains "several different crimes, each described separately," we may apply the "modified categorical approach," which permits us to determine which particular offense the alien was convicted of by examining certain judicial records, such as the charging document. *Mellouli*, 135 S. Ct. at 1986 n.4 (quoting *Moncrieffe*, 569 U.S. at 191). Here, the record of conviction indicates, and the parties agree, that Garcia was convicted under section 22.011(a)(2) of the Texas Penal Code. So we limit our review to that subsection.

Section 22.011(a)(2) of the Texas Penal Code criminalizes various sexual acts with a child younger than seventeen. *See* TEX. PENAL CODE § 22.011(a)(2), (c)(1). For example, a person commits an offense if he "intentionally or knowingly . . . causes the penetration of the anus or sexual organ of a child by any means." *Id.* § 22.011(a)(2)(A). A person also commits an offense if he "intentionally or knowingly . . . causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person." *Id.* § 22.011(a)(2)(C). But it is a defense that the victim was at least fourteen years old and "the actor was not more than three years older than the victim." *Id.* § 22.011(e). The minimum conduct criminalized, then, would be deliberate acts of sexual contact between a victim who is almost seventeen and a perpetrator who just turned twenty. *See id.* § 22.011(a)(2), (c)(1), (e).

Garcia's state conviction falls squarely within the Board's generic definition of a crime of child abuse. First, section 22.011(a)(2) meets the Board's requirement that the offense be committed against a person under the age of eighteen. *See Velazquez-Herrera*, 24 I. & N. Dec. at 512. To be convicted, the perpetrator must have sexually assaulted a person under the age of seventeen. TEX. PENAL CODE § 22.011(a)(2), (c)(1). Second, section 22.011(a)(2) exceeds the Board's requirement of an act done with at least criminal negligence. *See Velazquez-Herrera*, 24 I. & N. Dec. at 512. To

be convicted, the perpetrator must act "intentionally or knowingly." TEX. PENAL CODE § 22.011(a)(2). Third, section 22.011(a)(2) meets the Board's requirement of an act that "constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation." *Velazquez-Herrera*, 24 I. & N. Dec. at 512. To be convicted, the perpetrator must have engaged in acts involving direct sexual contact with a child. TEX. PENAL CODE § 22.011(a)(2).

Garcia contends that that the Texas crime doesn't match the Board's definition for two reasons. First, he argues that the Texas crime is broader because it doesn't require knowledge of the child's age. True, sexual assault of a child is a crime in Texas "regardless of whether the person knows the age of the child at the time." *Id.* But the Board's mens rea requirement applies only to the act, not the child's age. *See Velazquez-Herrera*, 24 I. & N. Dec. at 512 (requiring "an intentional, knowing, reckless, or criminally negligent *act*" (emphasis added)); *Jimenez-Juarez v. Holder*, 635 F.3d 1169, 1171 (9th Cir. 2011) (holding that state crime involving sexual contact with a child, without requiring knowledge of child's age, met mens rea requirement because it required an intentional act). The age of the victim is a separate element. *See Soram*, 25 I. & N. Dec. at 385 (holding that state crime qualified as child abuse because it required "a knowing or reckless act, and the juvenile status of the victim [was] an element of the offense"). Because the Texas crime requires an intentional or knowing act, it meets the Board's requirement.

Next, Garcia claims that the Texas crime is broader because it lacks an element of harm. This argument is untenable. The Board's definition requires an act that constitutes maltreatment or that impairs a child's physical or mental well-being, which explicitly includes "direct acts of sexual contact" and sexual "exploitation of a child." *Velazquez-Herrera*, 24 I. & N. Dec. at 512. In other words, sexual contact and sexual exploitation necessarily

involve acts that impair a child's physical or mental well-being. *Id.* The Texas crime involves direct acts of sexual contact, *see* TEX. PENAL CODE § 22.011(a)(2), as well as sexual exploitation of a child, *see In re B.W.*, 313 S.W.3d 818, 821 (Tex. 2010) (explaining that section 22.011(a)(2) was enacted to protect children against sexual exploitation). Indeed, Texas law recognizes that this crime is, by definition, harmful to a child. *See* TEX. FAM. CODE ANN. § 261.001(1)(E) (West 2019) (defining child abuse for purposes of mandatory-reporting law to include "sexual conduct harmful to a child's mental, emotional, or physical welfare, including conduct that constitutes . . . sexual assault under Section 22.011"). Thus, section 22.011(a)(2) satisfies this element.

We conclude that Garcia's conviction under the Texas statute necessarily means that he has been convicted of a crime of child abuse. Garcia is subject to removal as a result, and the Board properly dismissed his appeal.

## IV.

To sum up, we give *Chevron* deference to the Board's reasonable definition of the term "crime of child abuse" in § 1227(a)(2)(E)(i) and hold that Garcia's conviction for sexual assault of a child is categorically a crime of child abuse, as defined by the Board. We therefore DENY Garcia's petition for review.