# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2021

Lyle W. Cayce
Clerk

No. 19-60703

Seyi Muyiwa Adeeko,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A204 401 058

Before Clement, Haynes, and Wilson, *Circuit Judges*.
Cory T. Wilson, *Circuit Judge*:

The Department of Homeland Security (DHS) charged Seyi Muyiwa Adeeko as being removable after he was convicted of online solicitation of a minor. An Immigration Judge (IJ) terminated Adeeko's removal proceedings, but the Board of Immigration Appeals (BIA) partially vacated the IJ's decision and remanded for further proceedings. On remand, the IJ ordered Adeeko removed. Adeeko now petitions this court for review. Finding no error, we DENY his petition.

No. 19-60703

## I.

Adeeko, a native and citizen of Nigeria, entered the United States in September 2011 on a student visa. In March 2013, he acquired lawful permanent residence status. Approximately four years later, in January 2017, Adeeko pled guilty to online solicitation of a minor in violation of section 33.021(c) of the Texas Penal Code and was sentenced to ten years of community supervision and ordered to pay a $1,500 fine.

Based on this conviction, DHS charged Adeeko as being removeable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(i), for committing a crime of moral turpitude within five years of admission;[1] § 1227(a)(2)(A)(iii), for being convicted of an aggravated felony under § 1101(a)(43)(A) (sexual abuse of a minor) and § 1101(a)(43)(U) (attempt or conspiracy); and § 1227(a)(2)(E)(i), for being an alien convicted of a "crime of child abuse, child neglect, or child abandonment." Adeeko was detained at a DHS facility in Otero, New Mexico, but his Notice to Appear (NTA) set forth that he must appear before an IJ in El Paso, Texas. He appeared at his first hearing via video conference.

Through counsel, Adeeko admitted the factual allegations of the NTA and conceded removability. But he later filed a motion to withdraw his concession and to terminate the removal proceedings. In February 2018, the IJ granted Adeeko's motion, determining that his conviction was not a categorical match to the generic definition of "sexual abuse of a minor" or "child abuse" because § 33.021(c) does not require that the victim actually be a minor, only that the actor *believe* the victim to be a minor.

---

[1] DHS later withdrew the charge of removability for committing a crime of moral turpitude.

No. 19-60703

The Department of Homeland Security appealed, and the BIA affirmed in part, vacated in part, and remanded the matter to the IJ for further proceedings. Relying on the Supreme Court's decision in *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017), the BIA agreed with the IJ that Adeeko's conviction under § 33.021(c) was not a categorical match to the generic definition of "sexual abuse of a minor" because, in the context of offenses that criminalize sexual conduct based solely on the age of the participants, the generic federal definition requires that the victim be *younger* than 16. Nonetheless, the BIA held that Adeeko was removable under § 1227(a)(2)(E)(i) because § 33.021(c) was a categorical match to the generic definition of a "crime of child abuse, child neglect, or child abandonment." Specifically, the BIA found that § 33.021(c) was a crime of child abuse because it involved knowingly engaging in conduct with the intent of causing the maltreatment of a child.[2]

Adeeko filed a pro se motion to reconsider, asserting that the BIA erred in determining that a violation of § 33.021(c) was a "crime of child abuse" under § 1227(a)(2)(E)(i). He contended that the offense defined in § 33.021(c) is broader than the BIA's interpretation of "crime of child abuse" because, pursuant to *Esquivel-Quintana*, the term "child" or "minor" refers not to the age of legal competence, which is 18, but to the age of consent, which is 16. Additionally, relying upon *Ibarra v. Holder*, 736 F.3d 903 (10th Cir. 2013), he argued that the BIA's definition of child abuse set forth in *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503 (BIA 2008), and *Matter of Soram*, 25 I. & N. Dec. 378 (BIA 2010), was unreasonable and not

---

[2] The state conviction at issue here requires a minimum mens rea of knowing, § 33.021(C) of the Texas Penal Code; thus, the BIA's inclusion of criminally negligent, non-injurious conduct does not affect our analysis.

entitled to deference.[3]   Finally, he asserted that that his conviction for solicitation of a minor was not a removable offense under § 1227(a)(2)(E)(i) because that offense falls within the aggravated felony definition for sexual abuse of a minor.  He later filed a sur-reply, asserting that § 33.021(c) is not a categorical match to the generic definition of a crime of child abuse because it does not require an explicit likelihood of harm.

The BIA denied the motion for reconsideration.  The BIA determined that the Supreme Court in *Esquivel-Quintana* did not create a generic definition for all sexual offenses based on the age of the victim and only applied to convictions for "sexual abuse of a minor" as set forth in § 1101(a)(43)(A).  The BIA also concluded that because the decision in *Ibarra* did not articulate a new definition of a crime of child abuse, the BIA was not precluded from relying on the definition set forth in *Velazquez-Herrera* and *Soram* when the offense at issue required a mens rea greater than criminal negligence.  Finally, the BIA held that online solicitation of a minor necessarily involves the intent that a minor suffer maltreatment; that an explicit likelihood of harm is not required for a conviction to constitute a crime of child abuse; and that sexual offenses against minors can also constitute crimes of child abuse under § 1227(a)(2)(E)(i).

On remand, Adeeko requested an order of removal, and the IJ ordered him removed to Nigeria.  Adeeko then filed a timely pro se petition for review with the Court of Appeals for the Tenth Circuit.  *See* 8 U.S.C. § 1252(b)(1).

---

[3] In *Velazquez-Herrera*, the BIA interpreted "crime of child abuse" broadly to mean "any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation."  24 I&N Dec. at 512.  And in *Soram*, the BIA clarified that this definition "is not limited to offenses requiring proof of injury to the child" but rather "is sufficiently broad to encompass endangerment-type crimes" as well.  25 I&N Dec. at 381, 383.

After identifying potential issues with venue and jurisdiction over the petition, the Tenth Circuit transferred the petition to this court for review.

## II.

In his petition for review (via a supplemental brief filed ten days after his initial brief), Adeeko contends that this court is precluded from reviewing his order of removal under *SEC v. Chenery Corp.*, 318 U.S. 80 (1947), because the IJ and the BIA relied on Tenth Circuit precedent in making their decisions. Adeeko also asserts that his petition should be transferred back to the Tenth Circuit despite venue not being proper, for the same reason. Assuming we do have jurisdiction to consider his petition, Adeeko contends that the BIA abused its discretion in finding him removable under § 1227(a)(2)(E)(i). Alternatively, he asserts that because § 1227(a)(2)(E)(i) is ambiguous, the rule of lenity requires the statute to be interpreted in his favor.

We review these issues in turn. Questions of law are reviewed de novo, but we "defer to the [BIA's] reasonable interpretations of ambiguous provisions in immigration statutes and regulations." *Garcia v. Barr*, 969 F.3d 129, 132 (5th Cir. 2020). Although the BIA is afforded considerable deference in interpreting the term "crime of child abuse, child neglect, or child abandonment," the question of whether a particular offense renders a petitioner removable is reviewed de novo. *See Cisneros-Guerrerro v. Holder*, 774 F.3d 1056, 1058 (5th Cir. 2014).

## A.

As a threshold matter, we have jurisdiction to consider Adeeko's petition for review. Construing his briefing liberally, Adeeko appears to assert that we are precluded from review pursuant to *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), which requires us to review an agency decision on the same grounds upon which it was made. Indeed, "we may usually only affirm

the BIA on the basis of its stated rationale for ordering an alien removed from the United States," *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010), but Adeeko has failed to demonstrate that this court would have to rely on another basis to affirm the BIA's decision. To the contrary, this court applies the same analysis as that conducted by the BIA in determining whether an offense constitutes a crime of child abuse under § 1227(a)(2)(E)(i). *See Garcia v. Barr*, 969 F.3d 129, 134–36 (5th Cir. 2020). Accordingly, we are not precluded from review.[4]

Relatedly, Adeeko contends that we should transfer this case back to the Tenth Circuit because, even though venue is not proper, "all [of] his arguments before the [IJ] and the BIA[] focused on Tenth Circuit law, and . . . it's the right court to apply its precedent to the issue raised in this petition for review." We disagree. As the Tenth Circuit's transfer of Adeeko's petition to this court makes clear, venue is proper here—not in the Tenth Circuit—because Adeeko's removal proceedings were completed by an IJ sitting in a state of this circuit, Texas. Moreover, Adeeko is not harmed in any way by our review, which is de novo. *Garcia*, 969 F.3d at 132; *see also Bianco v. Holder*, 624 F.3d 265, 268 (5th Cir. 2010). And as stated by our sister circuits, when it comes to federal law, "no litigant has a right to have the interpretation of one federal court rather than that of another determine his case." *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1157 (10th Cir. 2006) (quoting *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993)). Adeeko's request for a change of venue is thus denied.

---

[4] We also note that there is no exhaustion issue here. The BIA reviewed the issue raised by Adeeko on appeal and remanded to the IJ, who then ordered Adeeko removed. In such instances where the BIA has already considered the issue that the petitioner is raising, we do not require petitioners to file a motion to reopen to exhaust administrative remedies prior to proceeding in federal court. *See Dale v. Holder*, 610 F.3d 294, 301 (5th Cir. 2010).

No. 19-60703

## B.

Moving to the heart of the issue, Adeeko's primary contention is that the BIA erred in finding him removable under § 1227(a)(2)(E)(i). That section provides that "[a]ny alien who at any time after admission is convicted of . . . a crime of child abuse . . . is deportable." As we noted previously, the BIA has interpreted a crime of child abuse "broadly to mean any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation." *Garcia v. Barr*, 969 F.3d 129, 133 (5th Cir. 2020) (quoting *Velazquez-Herrera*, 24 I&N Dec. at 512). Adeeko, however, asserts that we should not give *Chevron*[5] deference to the BIA's definition of "child abuse" and that *United States v. Rodriguez*, 711 F.3d 541, 552 (5th Cir. 2013) (en banc), requires us to apply a plain-meaning approach to define non-common-law offenses such as the one at issue. We disagree. Our more recent opinion in *Garcia*, 969 F.3d 129, controls and forecloses this issue. In *Garcia*, we joined several other circuits in holding that "[t]he Board's interpretation of a 'crime of child abuse . . .' is a reasonable reading of a statutory ambiguity" and thus "is entitled to *Chevron* deference." *Id*. at 134.[6]

---

[5] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), set forth a two-part test for determining when to give deference to agency interpretations of statutes. When appropriate under *Chevron*,

> [w]e accord deference to agencies . . . because of a presumption that Congress, when it left ambiguity in a statute meant for implementation by an agency, understood that the ambiguity would be resolved, first and foremost, by the agency, and desired the agency (rather than the courts) to possess whatever degree of discretion the ambiguity allows.

*Smiley v. Citibank (S. Dakota), N.A.*, 517 U.S. 735, 740–41 (1996).

[6] It likewise follows that the rule of lenity does not apply.

The only remaining question then is whether Adeeko's conviction for online solicitation of a minor in violation of § 33.021(c) of the Texas Penal Code falls within the BIA's definition of a crime of child abuse. This is an issue of first impression before our court. The government contends that Adeeko has waived this issue and that we thus should not consider it. But we conclude Adeeko sufficiently raised this issue—albeit intermingled within his briefing on the deference issue—by noting the categorical approach employed in such a determination and stating that § 33.021(c) "is not a categorical match to the federal generic definition [of child abuse]."

In determining whether a state conviction qualifies as a crime of child abuse, we apply a "categorical approach." *Mellouli v. Lynch*, 575 U.S. 798, 804–05 (2015); *Garcia*, 969 F.3d at 134. This means "we look not to the facts of the underlying case but instead to whether the statutory definition of the state crime 'categorically fits within the "generic" federal definition' of the removable offense." *Garcia*, 969 at 134 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)). "A state offense is a categorical match with a generic federal offense only if a conviction of the state offense would necessarily involve proving facts that would establish a violation of the generic federal offense." *Vetcher v. Barr*, 953 F.3d 361, 366 (5th Cir.), *cert. denied*, 141 S. Ct. 844 (2020). In other words, we "must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Sarmientos v. Holder*, 742 F.3d 624, 628 (5th Cir. 2014) (quoting *Moncrieffe*, 569 U.S. at 190–91). "Where there is a categorical match, a conviction under the state statute 'triggers removal under the immigration statute.'" *Vazquez v. Sessions*, 885 F.3d 862, 871 (5th Cir. 2018) (quoting *Mellouli*, 575 U.S. at 806).

As stated, the BIA has interpreted "crime of child abuse" broadly to mean "any offense involving an intentional, knowing, reckless, or criminally

No. 19-60703

negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation." *Velazquez-Herrera*, 24 I&N Dec. at 512. The BIA has also clarified that this definition "is not limited to offenses requiring proof of injury to the child" but rather "is sufficiently broad to encompass endangerment-type crimes" as well. *Soram*, 25 I&N Dec. at 381, 383. With this in mind, we look to § 33.021(c) of the Texas Penal Code.

> Under § 33.021(c),
>
> [a] person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, *knowingly* solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

(Emphasis added). This provision defines a "minor" as "an individual who is younger than 17 years of age; or an individual whom the actor believes to be younger than 17 years of age." TEX. PENAL CODE § 33.021(a)(1). And it is a defense to this provision if "the actor was not more than three years older than the minor and the minor consented to the conduct." *Id.* at § 33.021(e)(2). Accordingly, the minimum conduct criminalized would be the knowing solicitation of a victim who is believed to be almost 17 by a perpetrator who just turned 20. *Garcia*, 969 F.3d at 135 (analyzing another Texas code provision with same age requirements).

Taking all of this into consideration, we agree with the BIA that Adeeko's conviction under § 33.021(c) is encompassed by the BIA's generic definition of child abuse. To begin, because § 33.021(c) requires that an individual act "knowingly," it exceeds the BIA's requirement that the act be done with at least criminal negligence. *See Garcia*, 969 F.3d at 135. Moreover, § 33.021(c) meets the generic definition's requirement that the

9

No. 19-60703

act or omission constitute "maltreatment of a child" because to be convicted, the perpetrator must request a minor to engage in illegal sex acts. *See id.* at 135–36; *see also Mondragon-Gonzalez v. Att'y Gen.*, 884 F.3d 155, 159–60 (3d Cir. 2018) (analyzing Pennsylvania solicitation statute in relation to § 1226(a)(2)(E)(i) and concluding "a conviction would not occur under the statute unless it had already been proven that the communication was intended for an illicit sexual purpose, and this is sufficient to create a high risk of harm to a child"). Finally, § 33.021's definition of a minor does not render the statute broader than § 1227(a)(2)(E)(i). Where § 33.021 provides that a minor is an individual under (or believed to be under) 17 years of age, for purposes of § 1227(a)(2)(E)(i), a child is any individual under the age of 18. *Id.* at 133. Accordingly, Adeeko's conviction under § 33.021(c) falls within the BIA's definition of a crime of child abuse.

## III.

In summary, *Garcia* forecloses Adeeko's argument that we should not give deference to the BIA's broad interpretation of a "crime of child abuse" under § 1227(a)(2)(E)(i). Further, Adeeko's conviction under § 33.021(c) of the Texas Penal Code falls within the BIA's definition of a crime of child abuse. Accordingly, the BIA did not err in determining that his conviction for solicitation of a minor was a removable offense under § 1227(a)(2)(E)(i). We therefore DENY Adeeko's petition for review.

PETITION DENIED.

No. 19-60703

Haynes, *Circuit Judge*, concurring:

Because we are bound by *Garcia v. Barr*, 969 F.3d 129, 132 (5th Cir. 2020), I concur in this opinion.  However, I respectfully disagree with the determination in *Garcia* that the BIA's extremely broad construction of the phrase "crime of child abuse, child neglect, or child abandonment" is reasonable, particularly in light of the recent statutory analysis used by the Supreme Court in addressing a different immigration statute.  *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480-85 (2021).[7]  That said, since we are bound by the rule of orderliness, *Jacobs v. National Drug Intelligence Center*, 548 F.3d 375, 378 (5th Cir. 2008), I agree with the application of *Garcia* to the relevant Texas criminal statute here.

---

[1] This case did not involve application of *Chevron* deference but did address at length the statutory construction of an immigration statute.  *Id.* at 1484 ("We simply seek the law's ordinary meaning.").