# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60377

————————

Rafael Villegas-Lopez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A047 437 100

_____

Before Jolly, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

The Board of Immigration Appeals dismissed the petitioner's appeal from an immigration judge's order sustaining a charge of removability based on a state criminal conviction. The central issue before us is whether the petitioner's state conviction constitutes a "crime of child abuse, child neglect, or child abandonment" under federal immigration law. We conclude that it is. The petition for review is DENIED.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60377

## FACTUAL AND PROCEDURAL BACKGROUND

Rafael Villegas-Lopez, a native and citizen of Mexico, adjusted his status to lawful permanent resident in May 2000.  In January 2020, Villegas-Lopez pleaded *nolo contendere* in Texas to criminal solicitation of a minor under Texas Penal Code §§ 15.031 and 22.011.  The state court ordered deferred adjudication with 90 days of imprisonment and four years of community supervision.  In April 2020, the Department of Homeland Security issued a notice to appear charging Villegas-Lopez with removability on the basis of that conviction.

Villegas-Lopez admitted only that he was not a citizen of the United States.  The Immigration Judge ("IJ") found all of the other allegations in the notice to appear to be true.  Villegas-Lopez sought cancellation of removal.  In August 2020, following a hearing, the IJ found that Villegas-Lopez was removable but was eligible for cancellation.  The IJ declined to exercise discretion to cancel removal and ordered him removed.

Villegas-Lopez appealed to the BIA.  In June 2022, the BIA affirmed the IJ's determination that Villegas-Lopez was removable and the IJ's denial of cancellation.  The BIA determined that solicitation of a minor under Texas Penal Code § 15.031(b) is categorically a "crime of child abuse, child neglect, or child abandonment" as provided in 8 U.S.C. § 1227(a)(2)(E)(i).

Villegas-Lopez timely petitioned for review.

## DISCUSSION

"We review the BIA's decision and only consider the IJ's decision to the extent that it influenced the BIA."  *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).  Determining whether a prior conviction constitutes a

2

removable offense is a question of law; we review the BIA's determination *de novo*. *See Adeeko v. Garland*, 3 F.4th 741, 745 (5th Cir. 2021).

The only issue before us is whether Villegas-Lopez's state conviction is a removable offense. Villegas-Lopez argues his statute of conviction is broader than the generic federal offense of "child abuse." First, the statute criminalizes attempts and does not specify any particular risk of harm. Second, it does not require the involvement of an actual child.

We start with the relevant statutory background.

### I.     *Statutory background*

Under 8 U.S.C. § 1227(a)(2)(E)(i), an alien is removable if convicted of "a crime of child abuse, child neglect, or child abandonment." The generic definition of that offense used by the BIA encompasses "any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation." *Garcia v. Barr*, 969 F.3d 129, 133 (5th Cir. 2020) (quoting *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (BIA 2008)). The BIA has explained that "child abuse 'is not limited to offenses requiring proof of injury to the child.'" *Id.* at 133 (quoting *Matter of Soram*, 25 I. & N. Dec. 378, 381 (BIA 2010)).

Texas Penal Code § 15.031(b) defines "Criminal Solicitation of a Minor" as follows:

> [W]ith intent that an offense under Section . . . 22.011[, sexual assault,] . . . be committed, the person by any means requests, commands, or attempts to induce a minor or another whom the person believes to be a minor to engage in specific conduct that, under the circumstances surrounding the actor's conduct as the actor believes them to be, would constitute an offense under [this section] or would make the minor or other believed

by the person to be a minor a party to the commission of an offense under one of those sections.[1]

We will defer to the BIA's interpretation of the meaning of "a crime of child abuse" in the removal statute because there is some ambiguity, but "we review *de novo* whether a particular state crime fits that definition." *Garcia*, 969 F.3d at 134.

The parties agree that the "categorical approach" applies here. Under that approach, we compare the state offense to the generic federal offense, "look[ing] to the statutory definition of the [state] offense of conviction, not to the particulars of an alien's behavior." *Mellouli v. Lynch*, 575 U.S. 798, 805 (2015). "A state offense is a categorical match with a generic federal offense only if a conviction of the state offense would necessarily involve proving facts that would establish a violation of the generic federal offense." *Vetcher v. Barr*, 953 F.3d 361, 366 (5th Cir. 2020) (citation omitted). Therefore, this court "must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Sarmientos v. Holder*, 742 F.3d 624, 628 (5th Cir. 2014) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)). "Where there is a categorical match, a conviction under the state statute 'triggers removal under the immigration statute.'" *Vazquez v. Sessions*, 885 F.3d 862, 871 (5th Cir. 2018) (quoting *Mellouli*, 575 U.S. at 806).

We now address Villegas-Lopez's arguments.

II.    *Attempts and risk of harm*

Among the offenses under Section 15.031(b) are "attempts to induce" an individual to engage in prohibited conduct. Villegas-Lopez argues that

---

[1] Section 22.011, the completed offense of sexual assault, is not at issue here.

Section 15.031(b) encompasses "attempt convictions" that do not fall under the generic federal offense. The argument is that the generic federal offense requires a "completed" offense. He cites *Matter of B-Q-*, A XXX XXX 485 (BIA June 20, 2017), as support.

Section 15.031(b) falls under Title 4 of the Texas Penal Code, which sets forth "Inchoate Offenses." We agree with the BIA that Section 15.031(b) is not an attempt crime. Though the provision uses the word "attempts," it does not do so in the formal sense. Attempt crimes are identified in a separate section. *See* TEX. PENAL CODE § 15.01 (Criminal Attempt). Villegas-Lopez was not convicted under that section. The BIA reasonably concluded that "[s]oliciting a child to engage in sexual conduct necessarily involves the exploitation of a child's vulnerabilities and susceptibility to coercion — and is thus abusive."

*Matter of B-Q-* is not to the contrary. That case involved a conviction specifically under a state attempt statute. [2] In short, Section 15.031(b)'s "attempts to induce" language does not remove it from the scope of the generic federal offense.

Next, Villegas-Lopez asserts that Section 15.031(b) does not specify any particular "risk of harm" to a child and is therefore not a categorical match.

The Government argues that a "risk of harm" analysis is only necessary when analyzing child-endangerment statutes. The BIA has held that "because States use a variety of terms to describe the degree of threat

---

[2] It is true that *Matter of B-Q-* reasoned that the state statute was not a categorical match in part because an individual could be convicted "even if the 'child' victim was a fictious creation of an undercover police officer." A XXX XXX 485 (BIA June 20, 2017). We address the relevance of that feature in the next section.

required *under endangerment-type offenses*, a State-by-State analysis is appropriate to determine whether the risk of harm required by the endangerment-type language in any given State statute is sufficient to bring an offense within the definition of 'child abuse' under the" INA. *Matter of Mendoza Osorio*, 26 I. & N. Dec. 703, 704 (BIA 2016) (emphasis added) (citation and quotation marks omitted).

Texas punishes child-endangerment elsewhere in the penal code. *See* Tex. Penal Code § 22.041 (Abandoning or Endangering Child). Because Section 15.031(b) is not an endangerment statute, a risk of harm analysis is not required. Villegas-Lopez has not identified other circumstances where this argument is required.

### III.    Involvement of an actual child

Villegas-Lopez next argues that a conviction under Texas Penal Code § 15.031(b) does not require that the victim be a child, whereas the generic federal offense of child abuse does. Thus, Villegas-Lopez argues that Section 15.031(b) is not a categorical match with the generic federal offense.

It is true that Section 15.031(b) does not require that a victim be a child — only that a person "*believes* [another] to be a minor." Tex. Penal Code § 15.031(b) (emphasis added). Texas courts have sustained convictions under Section 15.031 where the victim was not a minor.[3]

There is no indication that the federal statute allowing removal for convictions of child abuse requires that the victim be a child. Villegas-Lopez cites a series of unpublished BIA cases holding that a state statute was not a

---

[3] *See, e.g.*, *Shams v. State*, 195 S.W.3d 346 (Tex. App.—Austin 2006, pet ref'd) (affirming a Section 15.031 conviction that involved a cybercrimes investigator posing as a minor); *Chen v. State*, No. 05-05-00206-CR, 2006 WL 1085729 (Tex. App.—Dallas Apr. 26, 2006, pet. ref'd) (same with undercover detective).

categorical match with 8 U.S.C. § 1227(a)(2)(E)(i) where the state statute did not require that a child be involved. The BIA holds that unpublished decisions are not binding precedent. *See Matter of Echeverria*, 25 I. & N. Dec. 512, 519 (BIA 2011).

During oral argument, Villegas-Lopez contended a decision it had simply cited in its briefing here on the issue of attempt crimes actually was relevant on the separate issue that there needed to be an actual child involved in the offense. *See Matter of Jimenez-Cedillo*, 27 I. & N. Dec. 782 (BIA 2020). There, the BIA held that a Maryland state conviction was not a crime of child abuse because "no actual child was ever involved." *Id.* at 794. Though barely mentioned in his brief here and not on this issue, the *Jimenez-Cedillo* decision was the focus of supplemental briefing ordered by the BIA before the ruling that is now before us. The BIA discussed its own decision and one of ours, and then held that our decision controlled and no actual child needed to be involved:

> The respondent's argument is foreclosed by the United States Court of Appeals for the Fifth Circuit's recent holding in *Adeeko v. Garland*, 3 F.4th 741 (5th Cir. 2021). In *Adeeko*, the Fifth Circuit rejected the argument that a similar Texas statute, defining a minor as "an individual who is younger than 17 years of age; or an individual whom the actor believes to be younger than 17 years of age," rendered the statute overbroad. *Id.* at 747 (quoting TPC § 33.021(a)(l)).

The BIA did not discuss or even cite *Jimenez-Cedillo* in its opinion, though it did mention having required supplemental briefing. The Government in its supplemental briefing sought to limit *Jimenez-Cedillo* by arguing that, prior to that opinion, "the Board had never stated, much less held, in a precedent that an actual child must be involved in a crime of child abuse." Villegas-Lopez does not cite to any other prior opinions. We see merit in the Government's argument that the BIA's statement on the last

page of its opinion in *Jimenez-Cedillo* is cursory and without explanation. *See Jimenez-Cedillo*, 27 I. & N. Dec. at 794 (saying it could not hold that the respondent was "convicted of a crime of child abuse . . . because no actual child was ever involved in this case").

The BIA had the arguments about its own decision before it in the supplemental briefing, and none of the three members hearing the appeal disagreed that *Adeeko* applied. Citing its own precedent, the BIA stated that it "appl[ies] the law of the circuit in cases arising in that jurisdiction." *See Matter of U. Singh*, 25 I. & N. Dec. 670, 672 (BIA 2012). We conclude the BIA did not err when it applied *Adeeko* as the controlling authority.

We now examine the broader question of whether Section 15.031(b) is a categorical match with the generic federal offense of "child abuse." Section 15.031(b) requires an individual act with "intent," which is greater than the BIA's requirement that the conduct be done with criminal negligence. *See Adeeko*, 3 F.4th at 748. Moreover, Section 15.031(b), as we described earlier, meets the generic offense's requirement that conduct constitutes "maltreatment of a child," because the statute involves engaging in communications for an illicit sexual purpose. *See id.* Thus, we agree with the BIA that Section 15.031(b) is a categorical match with 8 U.S.C. § 1227(a)(2)(E)(i) and is therefore a removable offense.

The petition for review is DENIED.