# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2025

Lyle W. Cayce
Clerk

————————

No. 24-60575

————————

Antonio Campuzano,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A091 468 288

————————————————————

Before Smith, Dennis, and Richman, *Circuit Judges*.

Priscilla Richman, *Circuit Judge*:

Antonio Campuzano is a Mexican citizen and lawful permanent resident. After he was convicted on state charges of "indecency with a child, sexual contact," DHS initiated removal proceedings against him under 8 U.S.C. § 1227(a)(2)(E)(i), which makes removable any alien who has committed a "crime of child abuse." Following immigration proceedings and an appeal to the BIA, Campuzano was ordered removed. He petitioned for review of the BIA's decision, arguing that the evidence of his state conviction was not properly authenticated and that his conviction is not a "crime of child abuse." We deny his petition.

No. 24-60575

# I

As noted above, Antonio Campuzano is a Mexican citizen admitted to the United States as a lawful permanent resident. While living in the United States, Campuzano pleaded guilty to "Indecency with a Child Sexual Contact" in violation of Texas Penal Code § 21.11, a second-degree felony. In December 2023, the Department of Homeland Security (DHS) arrested Campuzano and issued a Notice to Appear, charging him with removability under § 237(a)(2)(E)(i) of the Immigration and Nationality Act (INA) for having committed a crime of child abuse.

DHS submitted the Form I-213 (Record of Deportable/Inadmissible Alien) prepared in Campuzano's case along with a police report, indictment, and order of deferred adjudication to the immigration court to prove Campuzano was convicted under § 21.11. While detained, Campuzano filed a bond application in which he admitted to being found "guilty" for "Indecency with a Child Sexual Contact" under the "criminal record" section. DHS also filed the bond application as evidence of the conviction.

In immigration court pleadings, Campuzano admitted to not being a U.S. citizen, being a Mexican citizen, and being a lawful permanent resident, but refused to respond to DHS's allegation that he was convicted for indecency with a child and denied removability. Campuzano moved to terminate the removal proceedings, arguing the "alleged" conviction under § 21.11 was not a crime of child abuse. Campuzano also objected to the introduction of the conviction records, arguing that the submissions failed to comply with the DOJ Immigration Court Practice Manual and the INA's requirements for the authentication of criminal conviction records in 8 U.S.C. § 1229a(c)(3)(C).

At a February 2024 hearing, the immigration judge (IJ) denied Campuzano's motion to terminate, overruled his evidentiary objections, and

2

found him removable. Campuzano subsequently moved for discretionary cancellation of removal. The IJ held a hearing on Campuzano's application and orally issued its official opinion, which found Campuzano removable and incorporated the finding from the February 2024 hearing. The IJ denied Campuzano's motion for cancellation of removal and ordered him removed to Mexico.

Campuzano appealed to the Board of Immigration Appeals (BIA). He argued that the IJ erred by (1) admitting the conviction records in violation of the INA's statutory certification requirements and the DOJ Practice Manual, (2) finding that he was removable because indecency with a child in violation of Texas Penal Code § 21.11 is not a categorical match for a "crime of child abuse" under § 1227(a)(2)(E)(i), and (3) denying his application for cancellation of removal.

The BIA dismissed Campuzano's appeal. It "acknowledge[d] that DHS did not authenticate" Campuzano's conviction records pursuant to § 1229a(c)(3)(C), but it held that those authentication methods are "not mandatory or exclusive" means of authenticating conviction records. The BIA held that Texas Penal Code § 21.11(a)(1) "is categorically a crime of child abuse" and Campuzano was therefore removable under 8 U.S.C. § 1227(a)(2)(E)(i) for having committed a "crime of child abuse." The BIA also affirmed the IJ's decision to deny cancellation of removal.

Campuzano filed a petition for review in this court. We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252.[1] "We review the BIA's decision, and we review the IJ's decision only to the extent

---

[1] *See Wilkinson v. Garland*, 601 U.S. 209, 218 (2024).

No. 24-60575

it influenced the BIA."[2]  We review de novo "whether a particular offense renders a petitioner removable," as well as other BIA "rulings of law."[3]

## II

Campuzano first argues that the BIA erred in finding the conviction records were admissible because they did not comply with the INA's certification requirements set out in 8 U.S.C. § 1229a(c)(3)(C).  Section 1229(a)(c)(3)(C) provides that:

> In any proceeding under this chapter, any record of conviction or abstract that has been submitted by electronic means to the Service from a State or court shall be admissible as evidence to prove a criminal conviction if it is—
>
> > (i) certified by a State official associated with the State's repository of criminal justice records as an official record from its repository or by a court official from the court in which the conviction was entered as an official record from its repository, and
> >
> > (ii) certified in writing by a Service official as having been received electronically from the State's record repository or the court's record repository.
>
> A certification under clause (i) may be by means of a computer-generated signature and statement of authenticity.[4]

---

[2] *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021) (citing *Tibakweitira v. Wilkinson*, 986 F.3d 905, 910 (5th Cir. 2021)).

[3] *Adeeko v. Garland*, 3 F.4th 741, 745 (5th Cir. 2021); *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

[4] 8 U.S.C. § 1229a(c)(3)(C).

4

No. 24-60575

Campuzano notes the conviction records were "not accompanied by a certification from a DHS official [that] the alleged conviction document was received from a State court record repository nor a certification from a State official as an official record or by a court official from the court where the conviction was entered." He argues that these authentication methods are mandatory and that there must be compliance whenever the Government introduces electronic records of a conviction, so his conviction records were inadmissible. It is undisputed that the conviction records were not authenticated pursuant to § 1229a(c)(3)(C)'s methods. At issue, then, is whether these authentication methods are mandatory and exclusive.

This appears to be a matter of first impression in our court. However, the two other circuits to have considered the issue have both found § 1229a(c)(3)(C)'s methods are not the mandatory or exclusive means of authenticating electronically transmitted documents.[5] As the Ninth Circuit explained, § 1229(a)(c)(3)(C) "operates as a safe-harbor. It only tells us the conditions under which an electronically transmitted document *must* be admitted. That is, it establishes the maximum standard for authentication of electronically transmitted records of conviction, but it does not establish a minimum standard."[6] This reading best comports with the text of § 1229a(c)(3)(C), which uses the sufficient "if" rather than the necessary "only if,"[7] as well as our prior decisions regarding the admissibility of

---

[5] *See Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1196 (9th Cir. 2006); *Fraser v. Lynch*, 795 F.3d 859, 863-64 (8th Cir. 2015).

[6] *Sinotes-Cruz*, 468 F.3d at 1196 (internal citation omitted); *see also Fraser*, 795 F.3d at 864 ("Lack of certification by itself, however, does not render the evidence per se inadmissible.").

[7] *See Township of Tinicum v. Dep't of Transp.*, 582 F.3d 482, 488-89 (3d Cir. 2009) ("The phrase 'only if' describes a necessary condition, not a sufficient condition. . . . The word 'if' describes a sufficient condition.").

evidence in deportation proceedings.[8]  Accordingly, we join our sister circuits in holding that § 1229a(c)(3)(C)'s methods are not mandatory or exclusive. We therefore conclude the BIA did not err in admitting the conviction records.

## III

Campuzano next argues that the BIA erred in finding he committed a removable offense.  Under 8 U.S.C. § 1227(a)(2)(E)(i), "[a]ny alien who at any time after admission is convicted of . . . a crime of child abuse . . . is deportable."[9]  "When determining whether a state conviction renders an alien removable, we apply the categorical approach."[10]  "Under that approach, we look not to the facts of the underlying case but instead to whether the statutory definition of the state crime 'categorically fits within the "generic" federal definition' of the removable offense."[11]  "Because this inquiry focuses on what the state conviction 'necessarily involved,' rather than on the alien's actual conduct, we presume that the conviction rested on nothing more than 'the minimum conduct criminalized by the state statute.'"[12]  We accordingly begin with Texas Penal Code § 21.11, which provides:

---

[8] *See Bustos-Torres v. INS*, 898 F.2d 1053, 1056 (5th Cir. 1990) ("The test for admissibility of evidence in a deportation proceeding is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law.").

[9] 8 U.S.C. § 1227(a)(2)(E)(i).

[10] *Monsonyem v. Garland*, 36 F.4th 639, 643 (5th Cir. 2022).

[11] *Id.* (quoting *Garcia v. Barr*, 969 F.3d 129, 134 (5th Cir. 2020)).

[12] *Garcia*, 969 F.3d at 135 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013)).

No. 24-60575

(a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:

>    (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or

>    (2) with intent to arouse or gratify the sexual desire of any person:

>>        (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or

>>        (B) causes the child to expose the child's anus or any part of the child's genitals.

>                    . . .

(d) An offense under Subsection (a)(1) is a felony of the second degree and an offense under Subsection (a)(2) is a felony of the third degree.[13]

Section 21.11 defines two alternative offenses in (a)(1) and (a)(2).[14] "When the state statute of conviction contains 'several different crimes, each described separately,' we may apply the 'modified categorical approach,' which permits us to determine which particular offense the alien was convicted of by examining certain judicial records, such as the charging document."[15]    Accordingly, we may determine the offense for which

---

[13] TEX. PENAL CODE § 21.11(a), (d).

[14] *See id.* § 21.11(d).

[15] *Garcia*, 969 F.3d at 135 (quoting *Mellouli v. Lynch*, 575 U.S. 798, 805 n.4 (2015)).

Campuzano was convicted. The order of deferred adjudication lists "Indecency With Child Sexual Contact" as the offense and "2nd Degree Felony" as the degree. This indicates Campuzano was convicted under § 21.11(a)(1), which criminalizes "sexual contact with [a] child" and "is a felony of the second degree."[16]

We must therefore determine whether "engag[ing] in sexual contact with the child or caus[ing] the child to engage in sexual contact" in violation of Texas Penal Code § 21.11(a)(1) "categorically fits within" the definition of "a crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i).[17] The first step is to define "a crime of child abuse." "Congress left the term 'crime of child abuse' undefined, and the legislative history doesn't plainly express its meaning."[18] The BIA has defined the term "broadly to mean any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation."[19] We have held that the best reading of the statute confirms the BIA's broad interpretation.[20] There are three elements to the BIA's definition: (1) "the offense [must] be committed against a person under the age of eighteen;" (2) the "act [must be] done with at least criminal negligence;" and (3) the

---

[16] TEX. PENAL CODE § 21.11(a)(1), (d).

[17] *See Monsonyem v. Garland*, 36 F.4th 639, 643 (5th Cir. 2022).

[18] *Garcia*, 969 F.3d at 133.

[19] *Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (2008).

[20] *Sandoval Argueta v. Bondi*, 137 F.4th 265, 273 (5th Cir. 2025) ("As the Fourth Circuit recently explained, without invoking *Chevron* deference, the best reading of § 1227(a)(2)(E)(i) confirms the BIA's broad interpretation of 'crime of child abuse.'").

act must "constitute[] maltreatment of a child or [] impair[] a child's physical or mental well-being, including sexual abuse or exploitation."[21]

Texas Penal Code § 21.11(a)(1) satisfies each of these elements and thus "categorically fits within" the definition. First, § 21.11(a)(1) applies only to sexual contact "with a child younger than 17 years of age."[22] Second, § 21.11(a)(1) is an intent crime because "sexual contact" is defined in § 21.11(c) as certain acts "committed with the intent to arouse or gratify the sexual desire of any person."[23] Third, § 21.11(a)(1) criminalizes "sexual contact" consisting of "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person,"[24] which are acts of "sexual abuse" that "constitute[] maltreatment of a child."[25]

Campuzano argues the Texas crime does not match the BIA's definition because it lacks an element of harm. He contends the minimum conduct criminalized by the statute is "mere offensive touching." Campuzano relies on *Matter of Silva-Trevino*,[26] in which the BIA found that a conviction under § 21.11(a)(1) is not a crime involving moral turpitude because "the statute is applied to conduct less invasive than penetration and

---

[21] *Garcia*, 969 F.3d at 135 (quoting *Velazquez-Herrera*, 24 I. & N. Dec. at 512).

[22] TEX. PENAL CODE § 21.11(a).

[23] *Id.* § 21.11(c).

[24] *Id.*

[25] *Velazquez-Herrera*, 24 I. & N. Dec. at 512.

[26] 26 I. & N. Dec. 826 (2016).

similar acts."[27]   Campuzano further reasons that § 21.11(a) criminalizes conduct that is not a categorical match to the BIA's definition of a crime of child abuse because we have held that offensive touching is not a meaningful level of harm in the context of a crime involving moral turpitude.[28]

Campuzano's argument is untenable.   Section 21.11(a)(1) does criminalize "touching," but only touching of specific enumerated body parts—"the anus, breast, or any part of the genitals"—done "with the intent to arouse or gratify the sexual desire of any person."[29]  This "touching" is specifically "sexual contact."[30]  "[S]exual contact . . . necessarily involve[s] acts that impair a child's physical or mental well-being."[31]   Section 21.11(a)(1) satisfies the harm element and "categorically fits within" the BIA's definition of "a crime of child abuse."[32]  The BIA did not err in finding Campuzano committed a removable offense.

*       *       *

For the foregoing reasons, we DENY the petition for review.

---

[27] *Id.* at 835-36 (citing *Sullivan v. State*, 986 S.W.2d 708, 715 (Tex. App.—Dallas 1999, no pet.)).

[28] *See Diaz Esparza v. Garland*, 23 F.4th 563, 569 (5th Cir. 2022).

[29] Tex. Penal Code § 21.11(c).

[30] *Id.*; *see also Sullivan*, 986 S.W.2d at 710, 715 (upholding conviction for touching the breast of a young boy with intent to arouse and gratify sexual desire).

[31] *Garcia v. Barr*, 969 F.3d 129, 136 (5th Cir. 2020).

[32] *See Monsonyem v. Garland*, 36 F.4th 639, 643 (5th Cir. 2022).