# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2023

Lyle W. Cayce
Clerk

No. 21-60530

Justin Enrique Ponce,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
Agency No. A205 725 586

Before Elrod, Ho, and Wilson, *Circuit Judges*.

Cory T. Wilson, *Circuit Judge*:

Justin Ponce came to the United States from El Salvador as a teenager. While in high school, he inappropriately touched his younger female relative and was later charged under Texas Penal Code § 22.04(a) with injuring a child by omission. That conviction spawned immigration proceedings in which he was found removable by the Board of Immigration Appeals (BIA). Ponce seeks review of that decision.

No. 21-60530

# I.

Ponce is a citizen of El Salvador. His status was adjusted to lawful permanent resident in 2014. In 2019, Ponce pled guilty to violating Texas Penal Code § 22.04(a)—injury to a child in the third degree.[1] The Texas state court sentenced Ponce to five years of deferred adjudication, counseling, and 200 hours of community service. Following his state conviction, the Department of Homeland Security served Ponce with a Notice to Appear, asserting that his conviction made him removable under 8 U.S.C. § 1227(a)(2)(E)(i) (crime of child abuse) and § 1227(a)(2)(A)(i)(I) (crime involving moral turpitude (CIMT)).

An Immigration Judge (IJ) held a hearing and found that Ponce was subject to removal. Ponce then applied for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and cancellation of removal. On June 15, 2020, the IJ issued a detailed order and denied Ponce's application for relief on all grounds.

Ponce then appealed to the BIA and argued that (1) Texas Penal Code § 22.04(a) is indivisible, and even if divisible, it is overbroad and does not fit the generic federal definition of child abuse; (2) his conviction does not qualify as a CIMT; and (3) the IJ erred in denying his applications for asylum and relief under the CAT.

To address Ponce's first argument, the BIA analyzed § 22.04(a) using "the categorical approach," which in the BIA's words required the agency "to disregard the respondent's actual offense conduct and to focus instead

---

[1] Ponce was convicted under § 22.04(f), but subsection (f) merely describes the degree of the felony for offenses under subsection (a). The BIA and the parties' briefing refer to § 22.04(a) and § 22.04(f) interchangeably, but we reference § 22.04(a) because that is the specific Texas statute in dispute.

on the elements of his offense of conviction and the minimum conduct that has a realistic probability of being prosecuted[.]"[2]  The BIA concluded that § 22.04(a) was not a categorical match for the generic federal definition of the crime of child abuse because § 22.04(a) covers offenses against elderly and disabled individuals as well.   However, the BIA concluded that § 22.04(a) was divisible based on the category of the victim, such that the IJ did not err in applying the modified categorical approach—by which the IJ looked to the plea agreement and determined that Ponce pled guilty to injuring a child younger than 14 years old.[3]

The BIA then considered whether § 22.04(a), though divisible, was still overbroad "as to the generic element of harm needed to establish a crime of child abuse under the Act."  The BIA did not credit Ponce's argument on this point because he did not provide "specific examples, either from his own case or others, in which . . . § 22.04(a)(3) was applied to harm to the child that does not meet the general definition of child abuse."  Therefore, the BIA affirmed the IJ's determination that Ponce was removable.

As to Ponce's second and third arguments, the BIA declined to address Ponce's CIMT analysis because the BIA held that he was removable on another ground—his conviction for child abuse under § 22.04(a).  The BIA also upheld the IJ's decision to deny asylum, withholding of removal,

---

[2] When applying the categorical approach, "this court 'focuses on the inherent nature of the crime, as defined in the statute . . . rather than the circumstances surrounding the particular transgression.'"  *Villegas-Sarabia v. Sessions*, 874 F.3d 871, 877 (5th Cir. 2017) (citation omitted).  "When applying the categorical approach, the statute must be read as the minimum criminal conduct necessary to sustain a conviction under the statute." *Id.* (citation omitted).

[3] The IJ and BIA referred to Ponce's crime as injuring a child younger than 14 years old.  However, the Texas statute at issue criminalizes injury to a child who is 14 or younger. *See* Texas Penal Code § 22.04(c)(1) ("'Child' means a person 14 years of age or younger.").

No. 21-60530

and protection under the CAT. Following this adverse ruling, Ponce filed a petition for review with this court.

## II.

"We review de novo the [BIA's] legal conclusions, including whether a particular state conviction renders an alien removable." *Garcia v. Barr*, 969 F.3d 129, 132 (5th Cir. 2020) (citing *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012)). We do not review the IJ's decision unless it impacts the ruling of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

## III.

Ponce first submits that his conviction under § 22.04(a) is not a qualifying crime for removal because § 22.04(a) is not a categorical match to the federal definition of child abuse and is likewise an indivisible statute.

Section 22.04(a) provides:

A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a *child, elderly individual, or disabled individual*:

    (1) serious bodily injury;

    (2) serious mental deficiency, impairment, or injury; or

    (3) bodily injury.

(emphasis added). Under BIA precedent, the term "child abuse" means "any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment *of a child* or that impairs *a child's* physical or mental well-being, including sexual abuse or exploitation." *Matter of Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (BIA 2008) (emphasis added).

"To determine whether a prior conviction is for [a particular offense,] courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the generic federal offense], while ignoring the particular facts of the case." *Mathis v. United States*, 579 U.S. 500, 504 (2016). As the parties and the BIA agree, § 22.04(a) is not a categorical match for the BIA's definition of child abuse because an individual can also violate § 22.04(a) by injuring an elderly or disabled person.

If the statute is indivisible as Ponce argues, i.e., it "sets out a single (or 'indivisible') set of elements to define a single crime," *Mathis*, 579 U.S. at 504–05, then Ponce's conviction does not qualify as a removable offense, and the BIA erred in its contrary conclusion. However, if the statute is divisible, in that it "list[s] elements in the alternative and thereby define[s] multiple crimes," *id.* at 505, we may look to certain documents relating to the criminal conviction "to determine what crime, with what elements, a defendant was convicted of," *id.* at 505–06. This is "[k]nown as the modified categorical approach, [which] allows [us] to pare down a prior conviction under a divisible statute by consulting certain materials" such as the plea colloquy or the indictment. *Monsonyem v. Garland*, 36 F.4th 639, 643 (5th Cir. 2022) (per curiam) (citation omitted).

Ponce's argument that the statute is indivisible is now foreclosed by *Monsonyem*. There, our court held "that § 22.04(a) is divisible as to victim class." *Id.* at 645. In the light of that holding, it was not erroneous for the BIA to apply the modified categorical approach in Ponce's case and consider his charging documents to determine the crime with which he was charged. *Mathis*, 579 U.S. at 505–06; *Monsonyem*, 36 F.4th at 645. Doing so, the BIA noted that Ponce's plea agreement reflected that he was charged with causing injury by omission to a child younger than 14 years of age. Therefore, Ponce

was convicted under the portion of § 22.04(a) relating to child abuse, and the BIA properly concluded he was removable based on that conviction.

## IV.

Even assuming the statute is divisible, Ponce contends that § 22.04(a) criminalizes abuse that is broader than the BIA's definition of child abuse. He specifically argues that the phrase "bodily injury" has a broader meaning under Texas law than the BIA's definition of child abuse. The BIA found that he "did not provide any specific examples in which Texas Penal Code § 22.04 was applied to harm that does not meet the general definition of child abuse." Ponce contests the BIA's interpretation of the sufficiency of his brief, asserting that he offered several examples of Texas courts applying § 22.04(a) to conduct that falls outside the BIA's definition of child abuse.

The Government does not engage with the merits of Ponce's argument but counters that he failed to exhaust it before the BIA via a motion to reconsider its decision. True, Ponce did not raise this point in a motion to reconsider, and that would have previously foreclosed our review. However, the Supreme Court recently overruled this court's precedent that the exhaustion requirement of 8 U.S.C. § 1252(d)(1) is jurisdictional in nature. *Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023). In *Santos-Zacaria*, the Court held that the exhaustion requirement is instead a claim-processing rule. *Id*. at 1114. Thus, Ponce was not required to urge his argument before the BIA before pursuing the point before this court. *See id*. at 1119–20.

A petitioner arguing that a statute is overbroad "cannot simply rest on plausible interpretations of statutory text made in a vacuum." *United States v. Castillo-Rivera*, 853 F.3d 218, 222 (5th Cir. 2017) (en banc). He must instead show "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of the crime." *Id*. (citation omitted). "To show [a] realistic

probability," a petitioner "must at least point to his own case or other cases in which the state court in fact did apply the statute in the special (nongeneric) manner for which he argues." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

Before the BIA, instead of analyzing cases that might have supported his argument, Ponce simply referenced the portion of his brief that discussed his CIMT issue and included one quotation from a Texas case, *Shah v. State*, 403 S.W.3d 29, 34–35 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd), which stated that "any physical pain, however minor, will suffice to establish physical injury." On appeal, Ponce submits that the injuries described in some Texas cases, such as ant bites and pinching or rubbing a child's face, are "so temporary that they should not be considered child abuse," because they do not "rise to the level of 'impairment of a child's physical or mental well-being.'"

Ponce has failed to demonstrate that Texas "would apply its statute to conduct that falls outside the generic definition of [child abuse]." *Castillo-Rivera*, 853 F.3d at 222. He asserts that the BIA's definition of child abuse, "the infliction on a child of physical harm, even if slight," *Matter of Velazquez-Herrera*, 24 I. & N. Dec. at 513, is somehow narrower than Texas's definition of bodily injury, which includes "any physical pain, however minor," *Shah*, 403 S.W.3d at 34. But categorizing the harm as "slight" versus "minor" is a distinction without a difference and does not suffice to carry Ponce's burden.

Moreover, the cases offered by Ponce to demonstrate the overbreadth of § 22.04 are not availing. Ponce's reliance on *Shah* is unhelpful. There the court considered whether it was appropriate to revoke the defendant's community supervision following a conviction for child abuse under § 22.04.

No. 21-60530

*Id.* at 31. The underlying abuse involved Shah striking a child and pulling a child's hair, which would satisfy the BIA's definition of child abuse. *Id.*

The other cases Ponce cites likewise arise from facts that are *consistent* with the BIA's definition. *E.g.*, *Laster v. State*, 275 S.W.3d 512, 515–16 (Tex. Crim. App. 2009) (defendant convicted of attempting to abduct a girl off the street and for injuring the child during the attempt); *Gay v. State*, 235 S.W.3d 829, 830–32 (Tex. App.—Fort Worth 2007, pet. ref'd) (defendant daycare owner intentionally pinched and mashed a child's face after the child was bitten by another child to hide the marks from the victim's mother). That includes *Martinez v. Texas*, 13-08-00225-CR, 2009 Tex. App. LEXIS 4837 (Tex. App.—Corpus Christi June 25, 2009), an unpublished case Ponce characterizes as merely involving a rock hitting a child's foot and leaving a few scratches. That is a mischaracterization. In *Martinez*, the defendant attacked a family in a car by hurling bricks at the passengers. *Id.* at *4–5. A child was injured on her foot and the Texas appellate court affirmed the jury's finding that the defendant had inflicted bodily injury on the child. *Id.* at *7–10.

In sum, none of Ponce's proffered cases demonstrates that Texas would apply § 22.04(a) to crimes that do not align with the BIA's definition of child abuse. Accordingly, the BIA did not err in determining that Ponce was removable on this ground.

For the foregoing reasons, the petition for review is DENIED.[4]

---

[4] Ponce also contends that his conviction is not a CIMT. As the BIA concluded, we need not reach this issue because Ponce is removable on another ground.