# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2025

Lyle W. Cayce
Clerk

No. 25-60234
Summary Calendar

———————

Muditha Maduranga Wijayananda Magodage Don,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 495 927

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Muditha Maduranga Wijayananda Magodage Don, a native and citizen of Sri Lanka, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming a decision of an immigration judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He argues that the BIA erred by not

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60234

remanding the case to the IJ because the IJ was "no longer required . . . to adjudicate eligibility for relief" after the Department of Homeland Security (DHS) stipulated to his eligibility for relief at the merits hearing. He contends that, because the DHS stipulated to his credibility, the IJ did not need to address corroboration or make any factual findings, and the only question before the IJ was "the form of relief" to be granted.

The Government is correct that Magodage Don's argument is unexhausted. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023). The exhaustion requirement of 8 U.S.C. § 1252(d)(1) is a nonjurisdictional claim-processing rule. *Santos-Zacaria*, 598 U.S. at 419; *Ponce v. Garland*, 70 F.4th 296, 301 (5th Cir. 2023). This court has declined to consider the merits of unexhausted claims where, as here, exhaustion was invoked by the Government. *See, e.g.*, *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023). We decline to do so here.

The petition for review is DENIED.