# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-60064

---

Edgar Eduardo Silva de Santiago,

*Petitioner,*

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A064 867 689

---

Before Elrod, *Chief Judge*, and Richman and Willett, *Circuit Judges*.

Priscilla Richman, *Circuit Judge*:

Petitioner Edgar Eduardo Silva de Santiago, a native and citizen of Mexico, entered the United States in 2016 as a legal permanent resident. In 2024, he pleaded guilty to eight offenses as charged, which included convictions for abuse of a child under New Mexico Revised Statute § 30-6-1(D) and aggravated assault with a deadly weapon under New Mexico Revised Statute § 30-3-2(A). His conviction for child abuse was based on his "intentionally or recklessly caus[ing] or permit[ting] . . . a child under the age of eighteen, to be tortured cruelly confined or cruelly punished, to wit: [Silva

de Santiago] punched [the child] in the lip." In the aggregate, his sentences for all eight convictions were approximately 21.5 years.

After his convictions, the United States Department of Homeland Security (DHS) issued a notice to appear, initiating removal proceedings against Silva de Santiago. DHS charged Silva de Santiago as removable because (1) his conviction for child abuse qualified as a crime of child abuse, child neglect, or child abandonment under 8 U.S.C. § 1227(a)(2)(E)(i) and (2) his conviction of aggravated assault with a deadly weapon constituted an aggravated felony under § 1227(a)(2)(A)(iii).

Silva de Santiago moved to terminate the removal proceedings, alleging that his convictions did not support DHS' grounds of removability. Specifically, he claimed that the New Mexico statute under which he was convicted for child abuse, § 30-6-1(D), did "not meet the federal definition of child abuse, neglect, or abandonment," and that the New Mexico statute under which he was convicted for an aggravated battery, § 30-3-2(A), was "not a crime of violence under" § 1227(a)(2)(A)(iii) because it could "be committed with a reckless state of mind." The Immigration Judge (IJ) sustained both charges of removability and denied Silva de Santiago's motion to terminate the removal proceedings. The IJ conducted a hearing following the denial of his motion to terminate and asked Silva de Santiago how he wished to proceed. His lawyer stated that he "spoke to [Silva de Santiago] about possible relief" and "[a]sylum's not there," he "won't pursue" "withholding," "[s]o at this point . . . it's just going to be an order." When the IJ confirmed that Silva de Santiago would "not apply for any other relief from removal," his lawyer stated "[n]o other relief, Your Honor, that's correct," Silva de Santiago "only reserves appeal." The IJ then issued an order of removal.

No. 25-60064

Silva de Santiago appealed to the Board of Immigration Appeals (BIA), challenging the IJ's denial of his motion to terminate and order of removal. The BIA dismissed his appeal and upheld the IJ's order of removal. In considering whether Silva de Santiago's conviction for child abuse under New Mexico Revised Statute § 30-6-1(D) constituted a crime of child abuse under 8 U.S.C. § 1227(a)(2)(E)(i), the BIA "employ[ed] the categorical approach under which [it] disregard[ed] his actual conduct and focus[ed] instead on the elements of the offense and the minimum conduct that has a realistic probability of being prosecuted under the statute." The New Mexico statute criminalizing child abuse states:

> Abuse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be:
>
>     (1) placed in a situation that may endanger the child's life or health;
>
>     (2) tortured, cruelly confined or cruelly punished; or
>
>     (3) exposed to the inclemency of the weather.[1]

Silva de Santiago argued that a conviction under prong (3) "does not list any element of torture, cruelty, endangerment, or maltreatment," so "DHS . . . failed to meet their burden" that his "conviction is a removable offense." He alleged that conduct such as allowing a child to "run[] outside in freezing weather without a coat, even if only for one minute, . . . could be considered child abuse under the [New Mexico] statute but would not meet the federal definition." The BIA rejected his argument, explaining that he did not identify any cases in which New Mexico had prosecuted anyone for brief exposure to inclement weather or conduct that would fall outside the

---

[1] N.M. Stat. Ann. § 30-6-1(D).

federal definition.  For this reason, the BIA concluded that he failed to establish a realistic probability that New Mexico would apply prong (3) to conduct falling outside the federal definition of child abuse and affirmed the IJ's conclusion that his conviction is "categorically a crime of child abuse." The BIA did not address whether the aggravated assault conviction constituted an aggravated felony under § 1227(a)(2)(A)(iii) since DHS established his removability under § 1227(a)(2)(E)(i) and he had not "filed [any] applications for relief from removal."  Silva de Santiago filed a timely petition for review of the BIA's decision.

## I

Silva de Santiago raises two issues before this court.  First, he argues that the "New Mexico Child Abuse statute does not meet the generic federal offense of child abuse," so it "is not a removable offense."  Second, he alleges the "BIA committed reversible error by failing to make the determination of whether the [IJ] was correct in finding that [he] had been convicted of the aggravated felony crime of violence."

We have jurisdiction to consider whether "a particular state conviction renders an alien removable."[2]  While "we generally lack jurisdiction to review the BIA's order of removal against an alien who is removable by reason of having committed an aggravated felony under § 1227(a)(2)(A)(iii),"[3] "we retain jurisdiction to review related questions of law, including whether an alien's conviction constitutes an aggravated

---

[2] *See Sandoval Argueta v. Bondi*, 137 F.4th 265, 271 (5th Cir. 2025) (quoting *Ponce v. Garland*, 70 F.4th 296, 299 (5th Cir. 2023)); *see also* 8 U.S.C. § 1252(a)(2)(D).

[3] *Fosu v. Garland*, 36 F.4th 634, 636 (5th Cir. 2022) (citing § 1252(a)(2)(C)).

No. 25-60064

felony."[4] "[W]e review the BIA's decision, though we will consider the IJ's decision to the extent it influenced the BIA."[5]

## II

Under § 1227(a)(2)(E)(i), an alien "who at any time after admission is convicted of . . . a crime of child abuse, child neglect, or child abandonment is deportable."[6] The meaning of "child abuse, child neglect, or child abandonment" is not defined statutorily,[7] and we have previously recognized the phrase is ambiguous.[8] We have also explained, "without invoking *Chevron* deference, the best reading of [the statute] confirms the BIA's broad interpretation of 'crime of child abuse,'"[9] which is as follows:

> [A]ny offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being, including sexual abuse or exploitation. At a minimum, this definition encompasses convictions for offenses involving the infliction on a child of physical harm, even if slight; mental or emotional harm, including acts injurious to morals; sexual abuse, including direct acts of sexual contact,

_____

[4] *Id.* (internal citations omitted); *see* § 1252(a)(2)(D); *Shroff v. Sessions*, 890 F.3d 542, 544 (5th Cir. 2018) ("We . . . review 'constitutional claims or questions of law raised upon a petition for review,' such as whether a conviction qualifies as an aggravated felony." (quoting 8 U.S.C. § 1252(a)(2)(D)).

[5] *Fosu*, 36 F.4th at 636 (citing *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018)).

[6] 8 U.S.C. § 1227(a)(2)(E)(i).

[7] *See Sandoval Argueta*, 137 F.4th at 273.

[8] *See id.* at 273; *Garcia v. Barr*, 969 F.3d 129, 133 (5th Cir. 2020) ("Every circuit court to consider this issue has found the statute silent or ambiguous on the meaning of a crime of child abuse.").

[9] *Sandoval Argueta*, 137 F.4th at 273-74 (quoting *Cruz v. Garland*, 101 F.4th 361, 365-66 (4th Cir. 2024) (agreeing with the Fourth Circuit's reasoning when interpreting "crime of child abuse" under § 1227(a)(2)(E)(i)).

but also including acts that induce (or omissions that permit) a child to engage in prostitution, pornography, or other sexually explicit conduct; as well as any act that involves the use or exploitation of a child as an object of sexual gratification or as a tool in the commission of serious crimes, such as drug trafficking.[10]

The BIA's definition "expresses a 'unitary concept'" and "'is sufficiently broad to encompass endangerment-type crimes.'"[11] Silva de Santiago does not challenge the BIA's definition as the applicable generic federal definition.

To determine whether Silva de Santiago's conviction under New Mexico Revised Statute § 30-6-1(D) is a crime of child abuse under § 1227(a)(2)(E)(i) that renders him removable, we apply the categorical approach.[12] Even though we are "not limited to the particular legal theories advanced by the parties, but . . . retain[] the independent power to identify and apply the proper construction of governing law,"[13] we need not

---

[10] *In re Soram*, 25 I. & N. Dec. 378, 380 (BIA 2010); *see Garcia*, 969 F.3d at 133 (recognizing the BIA's definition of a "crime of child abuse.").

[11] *Garcia*, 969 F.3d at 133 (quoting *In re Soram*, 25 I. & N. Dec. at 381, 383).

[12] *Id.* at 134 ("To determine whether a state conviction renders an alien removable, we generally apply the 'categorical approach.'" (quoting *Mellouli v. Lynch*, 575 U.S. 798, 804-05 (2015))); *Adeeko v. Garland*, 3 F.4th 741 (5th Cir. 2021) ("In determining whether a state conviction qualifies as a crime of child abuse, we apply a 'categorical approach.'" (quoting *Mellouli*, 575 U.S. at 804-05)); *Monsonyem v. Garland*, 36 F.4th 639, 643 (5th Cir. 2022) ("When determining whether a state conviction renders an alien removable, we apply the categorical approach.").

[13] *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991); *see Monsonyem*, 36 F.4th at 642 (applying this principle when examining whether the BIA erred in rejecting the Petitioner's claim that the IJ impermissibly ruled on a divisibility issue).

determine whether we should apply the modified categorical approach because the Government has not argued it applies.[14]

Under the categorical approach, "we look not to the facts of the underlying case but instead to whether the statutory definition of the state crime 'categorically fits within the "generic" federal definition' of the removable offense."[15] "A state offense is a categorical match with a generic federal offense only if a conviction of the state offense would necessarily involve proving facts that would establish a violation of the generic federal offense."[16] Because "[a]n alien's actual conduct is irrelevant to the inquiry,"[17] "we presume that the conviction rested on nothing more than 'the minimum conduct criminalized by the state statute.'"[18] "When there is a categorical match, a state law conviction triggers removal."[19]

"To show that [a state] statute is broader than its federal counterpart, [the Petitioner] must . . . show 'a realistic probability' that [the state] will prosecute the 'conduct that falls outside the generic definition of a crime.'"[20]

---

[14] *Mellouli*, 575 U.S. at 805 n.4 ("Because the Government has not argued that this case falls within the compass of the modified-categorical approach, we need not reach the issue.").

[15] *Garcia*, 969 F.3d at 134 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)); *see Vetcher v. Barr*, 953 F.3d 361, 366 (5th Cir. 2020) ("The categorical approach analyzes whether the elements of the state conviction are the same as or narrower than the elements of the generic removability offense under federal law, while ignoring the particular facts of the case.").

[16] *Vetcher*, 953 F.3d at 366.

[17] *Mellouli*, 575 U.S. at 805.

[18] *Garcia*, 969 F.3d at 135 (quoting *Moncrieffe*, 569 U.S. at 190-91).

[19] *Vetcher*, 953 F.3d at 367.

[20] *Id.* at 367 (quoting *Moncrieffe*, 569 U.S. at 191).

No. 25-60064

A Petitioner must "point to his own case"[21] or "other cases 'in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.'"[22] "A petitioner arguing that a statute is overbroad 'cannot simply rest on plausible interpretations of statutory text made in a vacuum.'"[23]

Silva de Santiago contends § 30-6-1(D) is not a categorical match because it would criminalize conduct that "does not meet the federal definition." He argues the New Mexico statute is overbroad, bringing the same argument before us that he did before the BIA: subsection (3) of the New Mexico statute "does not list any element of torture, cruelty, endangerment or maltreatment;" it would criminalize "a child run[ning] outside in freezing weather without a coat, even if only for one minute." While he did not identify any cases before the BIA in which New Mexico had prosecuted anyone for such brief exposure to inclement weather, before this court, he cites to a case in which he claims New Mexico prosecuted a person for exposing a child to inclement weather for an extended period of time. We are unable to confirm whether New Mexico prosecuted the person as Silva de Santiago alleges. Nevertheless, the prosecutor dismissed the case. Even assuming he has not failed to exhaust this issue for not having presented the case before the BIA,[24] cases "still pending"—much less never decided—are "not settled law within the state, which in turn, does not make it reliable in

---

[21] *Id.*

[22] *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

[23] *Ponce v. Garland*, 70 F.4th 296, 301 (5th Cir. 2023) (quoting *United States v. Castillo-Rivera*, 853 F.3d 218, 222 (5th Cir. 2017) (en banc)).

[24] *Alejos-Perez v. Garland*, 93 F.4th 800, 806 (5th Cir.) ("[T]he BIA was not 'on notice' that [the Petitioner] would rely on these authorities, and therefore [he] failed to exhaust his administrative remedies with respect to them."), *cert. denied*, 145 S. Ct. 591 (2024).

this context."[25]  For this reason, Silva de Santiago has not demonstrated a realistic probability that New Mexico will prosecute conduct under § 30-6-1(D)(3) in the nongeneric manner he argues.

Nor can he point to his own case.  The indictment provides that New Mexico prosecuted Silva de Santiago for "intentionally or recklessly caus[ing] or permit[ting] . . . a child under the age of eighteen, to be tortured cruelly confined or cruelly punished, to wit: [Silva de Santiago] punched [the child] in the lip."

Silva de Santiago has not shown that § 30-6-1(D) is broader than the generic federal definition.  We therefore cannot conclude that § 30-6-1(D) is not a categorical match to 8 U.S.C. § 1227 (a)(2)(E)(i).

## III

Silva de Santiago asks us to remand to the BIA, contending it erred by not addressing whether his conviction for aggravated assault with a deadly weapon in violation of § 30-3-2(A) is a crime of violence under 8 U.S.C. § 1227(a)(2)(A)(iii).  He explains that if such a conviction does not constitute a crime of violence, he is eligible for cancellation of removal.  The government argues Silva de Santiago failed to exhaust the issue of eligibility for cancellation of removal.  Said differently, the government contends this is a "new" issue before us.  In the alternative, the government contends that remand would be futile.  "We review de novo the [BIA's] legal conclusions."[26]

Before the IJ, Silva de Santiago stated he would not apply for any relief from removal and only reserved appeal.  Before the BIA, Silva de Santiago

---

[25] *Vetcher*, 953 F.3d at 368.

[26] *Ponce*, 70 F.4th at 299 (alteration in original) (quoting *Garcia*, 969 F.3d at 132).

stated that the "issues for review" were whether the IJ "erred by denying [his] Motion to Terminate Removal proceedings," "[s]pecifically . . . by finding that [he] was removable for the aggravated felony crime of violence and child abuse." Nowhere in his filings before the BIA did he indicate that he sought remand for relief, and the BIA did not address whether his conviction constitutes a federal crime of violence because he had not filed any applications for relief from removal and was removable for his child abuse conviction.

We decline to reach the government's argument that Silva de Santiago failed to exhaust his claim. Assuming without deciding that Silva de Santiago exhausted his argument, "we will not remand if doing so would be futile."[27] Under 8 U.S.C. § 1229b(a), which pertains to lawful permanent residents, an IJ may cancel removal of a noncitizen who is inadmissible or deportable if the noncitizen "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony."[28] The statute also imposes another "requirement known as the 'stop-time rule.'"[29] "[D]uring the initial seven years of residence" a noncitizen "cannot have committed 'an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible to the United States under section 1182(a)(2) of this title or removable from the United States under section 1227(a)(2) or 1227(a)(4) of

---

[27] *Lopez-Perez v. Garland*, 35 F.4th 953, 956 (5th Cir. 2022); *see Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 (5th Cir. 2021) ("[E]ven if the [BIA] erred at some point in its analysis, we can still uphold its ultimate decision if 'there is no realistic possibility' that the [BIA's] conclusion would have been different absent the error." (quoting *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010))).

[28] *Barton v. Barr*, 590 U.S. 222, 227 (2020) (quoting 8 U.S.C. § 1229b(a)).

[29] *Id.*

No. 25-60064

this title.'"[30]  Put simply, "if an alien is *inadmissible* for having committed offenses specified in § 1182(a), he is *removable* as well."[31]

> Under § 1182(a)(2)(B),
>
> Any alien convicted of 2 or more offenses (other than purely political offenses), regardless of whether the conviction was in a single trial or whether the offenses arose from a single scheme of misconduct and regardless of whether the offenses involved moral turpitude, for which the aggregate sentences to confinement were 5 years or more is inadmissible.[32]

Silva de Santiago was admitted to the United States on December 12, 2016 as a lawful permanent resident.  He was convicted of eight state criminal offenses on March 10, 2019, well within seven years of his admission as a lawful permanent resident.  The aggregate sentences for those eight convictions was roughly 21.5 years of imprisonment—"[t]he actual time spent in confinement is irrelevant."[33]  Irrespective of whether Silva de Santiago's conviction for aggravated assault constitutes a crime of violence,

---

[30] *Id.* (quoting 8 U.S.C. § 1229b(d)(1)(B)).

[31] *Balogun v. Ashcroft*, 270 F.3d 274, 279 (5th Cir. 2001).

[32] 8 U.S.C.§ 1182(a)(2)(B).

[33] *Fonseca-Leite v. I.N.S.*, 961 F.2d 60, 62 (5th Cir. 1992) (interpreting former 8 U.S.C. § 1182(a)(10)); *see, e.g., Balogun*, 270 F.3d at 276, 278-79 (5th Cir. 2001) (interpreting former § 1182(a)(2)(B) not to require the alien to have actually spent time in confinement).

No. 25-60064

he is clearly statutorily ineligible for cancellation of removal.[34]  Remand for further proceedings would be futile.[35]

For the same reasons we need not remand for the BIA to address this ground of removability in the first instance.[36]

We DENY the petition for review.

_____

[34] *See Linares-Rivas v. Bondi*, 139 F.4th 454 (5th Cir. 2025) (explaining that applying for cancellation of removal is a two-step process and the applicant must first "show that he 'satisfies the applicable [statutory] eligibility requirements'" (alteration in original) (quoting *Wilkinson v. Garland*, 601 U.S. 209, 213 (2024))); *see also Miresles-Zuniga v. Holder*, 743 F.3d 110, 112 (5th Cir. 2014) (stating that this court "can review whether, as a matter of law, [the Petitioner's] offense triggers the stop-time provision in § 1229b(d)(1)" and that this court "review[s] such questions *de novo*"); *Esquivel v. Lynch*, 803 F.3d 699, 702 (5th Cir. 2015) ("Whether an individual is statutorily ineligible for cancellation of removal because of § 1229b(d)(1)'s stop-time rule is a question of law that we review de novo."); *Calix v. Lynch*, 784 F.3d 1000, 1004 (5th Cir. 2015) ("[T]his court reviews de novo whether, as a matter of law, an offense invokes the stop-time rule under Section 1229b(d)(1)."). *See generally Wilkinson*, 601 U.S. at 225 ("[T]he question whether . . . established facts satisfy the statutory eligibility standard is subject to judicial review.").

[35] *See Lopez-Perez*, 35 F.4th at 958 (upholding the IJ's decision and declining to remand because it would be futile); *Jaco v. Garland*, 24 F.4th 395, 406 (5th Cir. 2021) (concluding that a remand was "inappropriate because it would be futile"); *see also United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (declining to remand when it would be futile).

[36] *Cf. Alejos-Perez v. Garland*, 93 F.4th 800, 802 n.1 (5th Cir.) ("The immigration judge also found that Alejos-Perez was removable under § 1227(a)(2)(A)(ii), but that finding was not addressed by the BIA and is therefore not at issue here."), *cert. denied*, 145 S. Ct. 591 (2024); *Alejos-Perez v. Garland*, 991 F.3d 642, 652 (5th Cir. 2021) ("The BIA also declined to address the government's argument that Alejos-Perez's 2009 and 2013 convictions render him removable. Alejos-Perez admits that, even if we grant his petition for review, remand would be required to allow the BIA to address the additional ground of removability." (internal quotations omitted)).